CONSOLIDATED RENDERING COMPANY *vs.* JESSIE O. HARRINGTON.

Piscataquis.   Opinion February 3, 1916.

*Amending account in writ.    Evidence.    Exceptions.    New cause of action.*
*Ruling of court; Discretionary or as matter*
*of law.*

1.  When a bill of exceptions to the allowance or disallowance of an amendment does not show that the ruling was made as a matter of law, it is to be presumed that the ruling was made as a matter of discretion.
2.  Exceptions do not lie to the exercise of discretion in allowing or disallowing amendments.
3.  In an action upon an account annexed for the price of "potatoes, roots and vegetables," it is not allowable to amend the account by inserting the words "Fertilizer for" before the word "potatoes."
4.  Evidence to explain the wording of the account annexed and show that it properly set forth the trade name of a brand of fertilizer sold to the defendant was properly excluded.

This action was dated May 24, 1911, and entered at the September term of court, Piscataquis county, 1911, and was then continued from term to term until the September term, 1915. At September term, 1915, plaintiff filed a motion to amend by inserting the words "fertilizer for" in their appropriate places. To this, defendant objected on the ground that such amendment would introduce a new cause of action. Before the court ruled, the plaintiff offered to introduce evidence which it claimed would show that the words "potatoes, roots and vegetables" in the account annexed was a trade name for a certain brand of fertilizer. Defendant objected to the introduction of such testimony on the ground that it was not competent to introduce parol testimony to show what either party understood the writing to mean when the words of the writing were plain and unambiguous, and especially where the writing to be explained is a declaration in a writ. The court refused to admit the testimony and denied the motion to amend, to both of which rulings plaintiff excepted. Exceptions overruled.

Case stated in opinion.

*C. W. Brown and W. E. Parsons,* for plaintiff.

*C. W. Hayes,* for defendant.

SITTING:   SAVAGE, C. J., CORNISH, KING, HALEY, HANSON, JJ.

SAVAGE, C. J.   The plaintiff brought this action upon the following account annexed:

ESSEX FERTILIZER COMPANY.

HIGH GRADE FERTILIZERS.

39 No. Market St.

STATEMENT.

BOSTON, MASS., May 9, 1911.

Mr. J. O. Harrington,
           Dover, Maine.

| No. | Bags. | Size. | Brand | Price | Amount | Total |
|-----|-------|-------|-------|-------|--------|-------|
| 3/9/10 | 72 | 112¼ Lb. Bbls. Potatoes, Roots, and Vegetables, 8 tons, | | 38.50 | 308.00 | |
| | 40 | 1000 Lb. Bags ditto, 2 tons, | | 37.50 | 75.00 | 383.00 |

The plaintiff asked leave to amend the account annexed by inserting the words "Fertilizer for" before the words "Potatoes, Roots and Vegetables" in the first item, and the same after the word "Bags" in the second item.  It offered evidence to explain the wording of the account annexed to show that the wording properly set forth the trade name of a brand of fertilizer which it sold to the defendant.  The evidence was excluded, the amendment disallowed, and the plaintiff excepted.

The bill of exceptions does not show that the rulings complained of were made as to a matter of law.  When a bill of exceptions is silent on this point it is to be presumed that the trial court ruled as a matter of discretion not to allow the amendment.  Exceptions do not lie to the exercise of discretion in allowing and disallowing amendments.  *Gilman* v. *Emery,* 54 Maine, 460; *Clark,* Applt., 111 Maine, 399.  The exceptions therefore cannot be sustained.

But we will add that if the rulings had been made as a matter of law the result must have been the same.  On the face of it, the plaintiff has sued for the price of "potatoes, roots and vegetables."  Take it for granted that "potatoes, roots and vegetables" is a trade name for a brand of fertilizer, and that the plaintiff intended to sue for the price of such fertilizer, the plaintiff in its declaration has used only the descriptive part of the trade name, and not the name of the thing itself.  He has sued to recover well known articles of commerce, "potatoes, roots and vegetables," and he seeks now to recover for "fertilizer."  The plaintiff places much reliance upon the word "brand" which is over the items.  It is true that the word 'brand" is not appropriate to potatoes and is appropriate to fertilizers.  But no mention is made of fertilizer.  There is nothing in the items to indicate fertilizer.  It may be true that the plaintiff made a mistake in making out its bill, but we think we cannot remedy that mistake.  Having plainly sued for "potatoes," and so forth, to permit it now to amend so as to recover for fertilizer would allow it to introduce a new cause of action, which is not permissible.

*Exceptions overruled.*